Defendant-appellant Wallace P. Hanley appeals from the finding entered by the Cuyahoga County Court of Common Pleas which determined him to be a "sexually oriented offender" after a hearing conducted pursuant to Ohio Revised Code 2950, et seq. Because we find the entry of the trial court failed to meet the requirement imposed by R.C. 2950.09 (C) (2), we reverse the order of the trial court and remand.
On March 24, 1994, appellant was found guilty of six counts of gross sexual imposition after a jury trial. The two victims were his daughters, then age ten and twelve years. Appellant was sentenced to two years of incarceration on each count, to run consecutively with the imposition of sentence suspended on three counts, resulting in a term of incarceration of six years. Appellant appealed his convictions, which were affirmed by this court in State v. Wallace P. Hanley (Apr. 13, 1995), Cuyahoga App. No. 67235, unreported.
On March 16, 1998, prior to his release from incarceration, after the trial court denied appellant's motion to dismiss the proceedings, a "sexual predator" determination was held pursuant to R.C. 2950.09 (C). At the hearing, the state indicated that appellant had "no previous convictions for sex offenses or otherwise." The state recommended that based upon the information presented, the court could find at least that he is the "lowest level of sexual offender." The trial court determined that there were "insufficient characteristics for sexual predator labeling, and [sic] certainly does not meet the standard of clear and convincing." Over objection of appellant's counsel, the trial court classified appellant as a "sexually oriented offender" and ordered his release from jail. Appellant challenges this finding entered by the trial court and advances one assignment of error for our review.
 THE TRIAL COURT ACTED WITHOUT STATUTORY AUTHORITY IN DETERMINING THAT APPELLANT WAS A SEXUALLY ORIENTED OFFENDER, BUT NOT A SEXUAL PREDATOR.
Appellant contends that in hearings held pursuant to R.C.2950.09 (C), statutory limitations are placed upon the court to the single determination of whether the offender is a sexual predator. Specifically, appellant asserts that no statutory authority exists for a finding by the court that an offender is a "sexually oriented offender."
In this case, pursuant to R.C. 2950.09 (C), on May 28, 1997, it was recommended by the Department of Rehabilitation and Correction that appellant be adjudicated a sexual predator.
R.C. 2950.09 (C) (2) provides in pertinent part:
 (a) If, pursuant to division (C) (1) of this section, the department of rehabilitation and correction sends to a court a recommendation that an offender who has been convicted of or pleaded guilty to a sexually oriented offense be adjudicated as being a sexual predator, the court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator. The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing but shall not make a determination that the offender is a sexual predator in any case without. a hearing. If the court determines without a hearing that the offender is not a sexual predator, it shall include its determination in the offender's institutional record and shall determine whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the court determined that the offender is not a sexual predator.
Upon making its determinations at the hearing, the court shall proceed as follows:
 (i) If the hearing is to determine whether the offender is a sexual predator, and if the court determines that the offender is not a sexual predator and that the offender previously has not been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted, it shall include its determinations in the offender's institutional record. (Emphasis added.)
Thus, the statutory framework provides in R.C. 2950.09 (C) (2) that at hearing the court is to determine by "clear and convincing evidence" whether the offender is a "sexual predator." If the court determines that the offender is not a sexual predator, it is required to include its determination in the offender's institutional record. If the court determines by clear and convincing evidence that the offender is a sexual predator, it is to enter its determination in the offender's institutional record, attach the determination to the offender's sentence, specify that the determination was made pursuant to R.C. 2950.09 (C), and provide a copy of the determination to the offender, the prosecuting attorney and to the Department of Rehabilitation and Corrections.
In this case, the record reveals that the judge determined there was not clear and convincing evidence as required by the statute to support a "sexual predator" classification for appellant. Instead, the trial court found appellant to be a "sexually oriented offender," implicitly determining that he is not a sexual predator.
The question before us is whether it is error for the court, after conducting a sexual predator hearing pursuant to R.C.2950.09 (C) (2). to enter its determination that an offender is a "sexually oriented offender."
It is undisputed that appellant having previously been convicted of multiple counts of gross sexual imposition committed a sexually oriented offense. Thus, appellant is a sexually oriented offender as defined by R.C. 2950.01 (D). By operation of law, appellant is a sexually oriented offender subject to the registration and reporting requirements upon his release from prison. In similar cases, this court has affirmed findings of "sexually oriented offender" in State v. Anderson (Feb. 18, 1999), Cuyahoga App. No. 73817, unreported and State v. Czajka (Feb. 18, 1999), Cuyahoga App. No. 72797, unreported; and State v. Thomas
(July 22, 1999) Cuyahoga App. No. 74505, unreported.
In State v. Sturgeon (Nov. 13, 1998), Hamilton App. No. C-970751, unreported, the court of appeals reversed the trial court's finding that Sturgeon was a sexual predator, but went on to say in dicta that "`sexually oriented offender' is a status that arises by operation of law * * * [thus] under the newly enacted R.C.2950.04 (A) (1) regardless of when the sexually oriented offense was committed, if the sexually oriented offender is released after July 1, 1997, such person is obligated to register within seven days."
In State v. Goodballet (Mar. 30, 1999), Columbiana App. No. 98 CO 15, unreported, the court affirmed the trial court's finding that Goodballet was a sexually oriented offender by adopting the position put forth in State v. Sturgeon, supra, and found that while a "sexually oriented offender" is not a separate classification and does not require adjudication, it may nonetheless be utilized to refer to those individuals that are not classified as sexual predators or habitual sexual offenders but who must register due to a conviction of a sexually oriented offense. The Goodballet court noted that the trial court adds nothing by classifying a defendant as such and the offender is not prejudiced as the individual has, in fact, committed a sexually oriented offense as defined by statute.
Moreover, in the matter sub judice, appellant argues that where the evidence is insufficient to support a finding that the offender is a sexual predator, the statute mandates that the court enter its determination that he is not a sexual predator on his institutional record.
Here, the state concedes that although the limited purpose of a R.C. 2950.09 (C) hearing is to find that an offender either is, or is not, a sexual predator, it contends that the classification of appellant as "lesser included level of sexually oriented offender" does not cause appellant prejudice since the classification is appropriate and applies by operation of law. See R.C. 2950.01 (B). Further, the state points out that R.C. 2950.04 (A) (1) provides that regardless of when the sexually oriented offense was committed, if a sexually oriented offender is released after July 1, 1997, such person is statutorily obligated to register within seven days. SeeState v. Sturgeon, supra.
Thus, where, as here, the offender is, as a matter of law, a "sexually oriented offender," then no prejudice arises from the trial court's classification and such entry may be considered mere surplusage. Accordingly, in conformance with prior decisions of this court and the decisions of other appellate districts, we find no reversible error in the trial court's determination appellant is a "sexually oriented offender."
However, where, as here, the offender is found not to be a "sexual predator," the provisions of R.C. 2950.09 (C) (2) mandate that the trial court enter its determination that appellant is not a sexual predator and the failure of the trial court to do so is error.
Accordingly, because the trial court failed to enter the required finding in accordance with the statute, we reverse the decision of the trial court and remand the matter to the trial court to journalize its entry in accordance with the requirements of R.C. 2950.09 (C) (2).
Reversed and remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and MICHAEL J. CORRIGAN, J. CONCURS.
 _________________________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE